[Cite as *State v. Deleon*, 2018-Ohio-939.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

BRANDON DELEON

    Appellant

C.A. Nos.    28566, 28641, 28611, 28612

APPEAL FROM JUDGMENT
ENTERED IN THE
STOW MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE Nos.    15CRB3181, 15CRB4195,
16CRB969, 16CRB1200

DECISION AND JOURNAL ENTRY

Dated: March 14, 2018

SCHAFER, Presiding Judge.

{¶1} Defendant-Appellant, Brandon Deleon, appeals his convictions in the Stow Municipal Court.

I.

{¶2} On February 18, 2016, Deleon appeared in the Stow Municipal Court with counsel and entered a plea of guilty to possession of drugs in violation of R.C. 2925.11(C)(2)(a) in case number 2015CRB03181. That same day, the trial court found Deleon guilty and sentenced him to a fine of $1,000.00 with $900.00 suspended and 180 days in jail with 180 days suspended on the condition that Deleon obey all laws for one year. Deleon did not appeal the judgment of the Stow Municipal Court.

{¶3} Then on April 15, 2016, Deleon appeared in the Stow Municipal Court with counsel and entered guilty pleas in three additional cases. In case number 2016CRB01200, Deleon pleaded guilty to violating a protection order in violation of R.C. 2919.27(A)(1), a

misdemeanor of the first degree. In case number 2016CRB00969, Deleon pleaded guilty to aggravated menacing in violation of R.C. 2903.21(A), a misdemeanor of the first degree and telecommunications harassment in violation of R.C. 2917.21(B), a misdemeanor of the first degree. Finally, in case number 2015CRB04195, Deleon pleaded guilty to a second charge of violating a protection order in violation of R.C. 2919.27. That same day, the trial court found Deleon guilty of the above charges and sentenced him, respectively, to (1) a fine of $1,000.00 with $950.00 suspended and 180 days in jail with 180 suspended on the condition that Deleon complete community control for a term of eighteen months and comply with all the rules of the community control department, obey all laws for two years, have no contact with the victims; (2) a fine of $1,000.00 with $950.00 suspended and 180 days in jail with 180 suspended on the condition that Deleon complete community control for a term of eighteen months and comply with all the rules of the community control department, obey all laws for two years, and have no contact with the victims; (3) a $1,000.00 fine with $950 suspended and 180 days in jail with 150 days suspended on the condition that Deleon complete community control for a term of eighteen months and comply with all the rules of the community control, obey all laws for two years, and have no contact with the victims. The unsuspended jail time was to be served forthwith; (4) a $1,000.00 fine with $950 suspended and 180 days in jail with 180 days suspended on the condition that Deleon complete community control for a term of eighteen months and comply with all the rules of the community control, obey all laws for two years, and have no contact with the victims. Deleon did not appeal the judgment of the Stow Municipal Court.

{¶4} On November 30, 2016, the trial court found that Deleon had not complied with his alternative sentence in all four of the above cases because after being placed in the Summit County Jail by the trial court, Deleon was transferred to the Oriana House Employment

Placement and was absent without leave from that facility when he made contact with the victim, resulting in new felony charges. The trial court therefore ordered that the balance of the suspended jail time on each of the above cases be imposed consecutively for a total of 733 days in the Summit County Jail.

{¶5} Subsequently, the Summit County Grand Jury indicted Deleon on unrelated felony and misdemeanor charges. On February 6, 2017, when Deleon posted bond for the unrelated charges, the Summit County Jail improperly released Deleon despite the fact he had not completed his sentences pursuant to the Stow Municipal Court's November 30, 2016 sentencing order. On February 7, 2017, the trial court issued bench warrants on all four cases, noting that Deleon had been improperly released and that he needed to return to the jail to complete his sentences. Deleon voluntarily turned himself in on the warrants and on February 9, 2017, the trial court spoke to Deleon at the Summit County Jail via a video link. At that time the trial court explained to Deleon that he had been improperly released and that he was to remain at the jail until his sentences were complete. Deleon's counsel was not present. The trial court thereafter issued an order removing the bench warrants and ordering the balance of the November 30, 2016 order to be imposed and completed. Attached to the February 9, 2017 order was a copy of the November 30, 2016 sentencing order.

{¶6} Deleon appealed the November 30, 2016 order and the February 9, 2017 order on March 8, 2017. However, in a journal entry filed April 12, 2017, this Court dismissed cases 2016CRB0969, 2015CRB4195, and 2016CRB1200 from C.A. 28566 because the cases were not consolidated in the trial court and thus, one notice of appeal was insufficient to perfect an appeal in all four cases. Additionally, this Court denied Deleon's request to file a delayed appeal as to the November 30, 2016 order because Deleon failed to comply with App.R. 5(A), which requires

that a motion for leave to file a delayed appeal be filed concurrently with the notice of appeal. The magistrate further stated that Deleon was not prevented from seeking leave to file delayed appeals in the dismissed cases.

{¶7}    On April 17, 2017, Deleon filed three separate motions for delayed appeals of the February 7, 2017 order and the February 9, 2017 order in cases 2016CRB0969, 2015CRB4195, and 2016CRB1200.  On April 12, 2017, this Court questioned its jurisdiction to consider the appeals of the February 9, 2017 order.  In response, Deleon argued that the orders were final because they were resentencing orders.  However, Deleon requested that if the orders were not final and appealable, that this Court "amend the docketing statement with the November 30, 2016 order, pursuant to App.R. 3(F)."  The State also responded, arguing that the February orders were not final and appealable orders affecting Deleon's substantial rights.  Upon review, this Court deferred determination of its jurisdiction over the February 7, 2017 and February 9, 2017 orders until final disposition of the appeal.  However, this Court denied Deleon's request to amend his initial filings to include the November 30, 2016 sentencing orders, but stated that Deleon was "not precluded from filing a new notice of appeal and motion for delayed appeal as to each of the trial court's November 30, 2016 orders."

{¶8}    Although Deleon filed a motion to stay execution of his sentences pending appeal, the trial court denied the motion.  To date, Deleon has failed to file a motion for delayed appeal of the November 30, 2016 sentencing orders.

{¶9}    This Court consolidated Deleon's four separate appeals.  Deleon raises three assignments of error for our review.

II.

**Assignment of Error I**

**[Deleon] was not afforded due process of law during his resentencing hearing[.]**

**Assignment of Error II**

**The trial court imposed a sentence contrary to law[.]**

**Assignment of Error III**

**The trial court improperly sentenced [Deleon] to consecutive sentences[.]**

{¶10} In his first assignment of error, Deleon contends that he was not afforded due process on February 9, 2017, when the trial court ordered him to complete his sentence. In his second assignment of error, Deleon contends that the trial court imposed a sentence contrary to law, in violation of R.C. 2929.41. In his third assignment of error, Deleon contends that the trial court improperly sentenced him to consecutive sentences in violation of R.C. 2929.21.

{¶11} As this Court previously deferred determination of its jurisdiction, we elect to do so now. The trial court first sentenced Deleon in February and April of 2016. The trial court subsequently found that Deleon had failed to complete his alternative sentences and on November 30, 2016, imposed all four of the suspended jail sentences and ordered them to be served consecutively. Notably, Deleon did not appeal the trial court's order of November 30, 2016. Instead, Deleon now appeals the trial court's order of February 9, 2017, ordering him to complete his sentence after having been mistakenly released from the jail. Nonetheless, Deleon mischaracterizes the nature of the February 9, 2017 proceeding in his merit brief. Although he describes the proceeding as a "resentencing hearing", the trial court did not impose a new sentence and did not modify Deleon's November 30, 2016 sentence in any way. Instead, the trial court merely ordered Deleon to complete his sentence and attached a copy of the November 30, 2016 sentencing to the order. Although this Court has repeatedly advised Deleon that he was not

precluded from filing a new notice of appeal and motion for delayed appeal as to each of the trial court's November 30, 2016 orders, Deleon has failed to do so. Accordingly, we conclude that neither the February 7, 2017 order nor the February 9, 2017 order affected a substantial right. Therefore, this Court is without jurisdiction to review them. *See* R.C. 2505.02(B)(1).

**{¶12}** Therefore, Deleon's first, second, and third assignments of error are dismissed.

### III.

**{¶13}** Deleon's first, second, and third assignments of error are dismissed.

Appeal dismissed.

————

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

TEODOSIO, J.
CALLAHAN, J.
CONCUR

APPEARANCES:

WESLEY BUCHANAN, Attorney at Law, for Appellant.

RUSSELL W. BALTHIS, Director of Law, and MATTHEW DICKINSON, Assistant Director of Law, for Appellee.

MEGAN E. RABER, Director of Law, and JOHN A. SCAVELLI, Assistant Director of Law, for Appellee.

AMBER ZIBRITOSKY, Law Director, for Appellee.